```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```
_____

UNITED STATES OF AMERICA,         )
                                  )
    Plaintiff,                    )
                                  )
v.                                )     No. 05-20109 Ml/
                                  )
ANTONIO KENNEDY,                  )
                                  )
                                  )
    Defendant.                    )
                                  )
_____

                ORDER ON DEFENDANT'S MOTION TO SUPPRESS
_____

This cause is before the Court on the motion of Defendant, Antonio Kennedy, by and through his court appointed counsel, Arch B. Boyd, III, Esquire to suppress evidence (a firearm) obtained as a result of Defendant's arrest on October 13, 2002 pursuant to a National Crime Information Center printout confirming a warrant on "Anthony Livelle Kennedy."[1]  Defendant asserts that his arrest was in violation of the Fourth Amendment of the United States' Constitution because the arresting officers lacked reasonable and articuable suspicion to justify the arrest.  The United States opposes Defendant's motion to suppress.

---

[1] Defendant amended his motion to suppress on December 2, 2005 to clarify his previously filed motion to suppress.  Defendant relies on his amended motion to suppress in these proceedings.

THE EVIDENCE

A suppression hearing was held on December 2, 2005. Two witnesses testified. The first was the officer who affected the arrest, Officer Janas Holguin. He is an investigator with the Memphis Police Department in the Project Safe Neighborhood. A Lt. Norris contacted Investigator Holguin and gave him information concerning Antonio Kennedy who was reported to be wanted out of South Carolina for murder. Information provided included his date of birth, height, weight, etc. Apparently no photograph was received on the particular date that the arrest was made (a photograph was received the next day). At that point, Investigator Holguin checked NCIC and determined that there was an active warrant. The officers of Project Safe Neighborhood verified the address for Anthony Kennedy, the fugitive as to whom they had received the warrant. They located a listing for Mr. Kennedy on Chippewa Street in Memphis. The officers went to that location and observed two individuals outside, one washing an automobile and the other one near a mailbox. They identified the individual near the mailbox as Anthony Kennedy. At that point, two or three officers, according to Investigator Holguin, drove up to the location and affected the arrest. According to Investigator Holguin, because the warrant was for a murder suspect, this was regarded as a high risk arrest and the defendant was immediately taken to the ground,

face down, and patted down.  At that point they found a gun which ultimately resulted in the §922(g) charge in this case.

The officers later learned, according to Investigator Holguin that the individual arrested was not the South Carolina suspect. They learned that the real murder suspect was the defendant's brother, Brandon Kennedy and that Brandon Kennedy had used his brother Antonio's identification information when he (Brandon) had been in South Carolina.  The investigator testified that all the information that the authorities in South Carolina had regarding the suspect was the Antonio Kennedy information (they were not aware of the existence of the brother, Brandon Kennedy).

During the testimony of the investigator, a copy of the South Carolina arrest warrant was introduced as exhibit 1.  The officer testified that NCIC is routinely used in connection with warrants issued in other states.

On cross-examination, Investigator Holguin was shown a photograph from South Carolina and concurred that the photograph did not match the defendant.  The officer did observe that the photograph had a lot of similarities and they were not able to determine whether or not the individual in the photograph was the suspect whom they were seeking.  They determined that the only way

to make a final determination was fingerprint identification. After fingerprint analysis, it was determined that the two individuals, Antonio Kennedy, and his brother, Brandon Kennedy, were different people.  The officer confirmed on cross-examination that at the time of defendant's arrest they had the name, social security number, weight and height of the identified suspect.  He acknowledged that, looking at Antonio Kennedy, he could see that he was much larger than 160 lb. (the weight indicated on the warrant which was based on information from the year 2000).  The investigator further testified that when Antonio Kennedy was arrested, he objected, indicating that he had never been in South Carolina.  The arrest, according to the investigator, occurred sometime after 5:00 in the afternoon.

On re-direct, the investigator again indicated that the murder occurred in the year 2000 and that the data which was the basis of the warrant, was, therefore, approximately four years old.

The defendant, Antonio Kennedy then testified.  He indicated that three officers were involved in his arrest and that Investigator Holguin "slammed me to the ground and put a gun to his my head."[2]  Mr. Kennedy testified that he was told by the officers

---

[2] Investigator Holguin denied putting the gun to his head but acknowledged that they approached the defendant with pistols drawn because of the nature of the charge.

4

"you are wanted for murder."  It was then indicated that he was "wanted for murder in Richland County (South Carolina)" at which time Mr. Kennedy said "I have never been in South Carolina."  The defendant, however, was nevertheless taken to 201 Poplar (the county jail) but was ultimately released the next day when it was determined that he had been arrested in error.  He was released on $25,000 bond.  Mr. Kennedy acknowledged that he has a criminal history including felony convictions.

The question in this case is whether or not the firearm seized during the arrest of October 13, 2005 should be suppressed.  Defendant argues that his Fourth Amendment rights were violated because there was no probable cause for his arrest on October 13 and that the officers lacked reasonable articuable suspicion to justify his detention.  Defendant relies on the case of United States v. Palacios, 666 F. Supp. 113 (1987).  The government argues that the officers acted in good faith and that the good faith exception to the exclusionary rule under the Fourth Amendment should apply in this case.  The government argues that NCIC information is routinely used in the investigation and arrest of possible suspects from various parts of the country. United States v. Davis, 568 F.2d 514, 516 (6th Cir. 1978); Brooks v. George County, 84 F.3d 157, 167 (5th Cir. 1996); United States v. Shareef, 100 F.3d 1491 (10th Cir. 1996).  The officers had no obvious reason

5

not to believe that the individual identified was the suspect identified in the warrant (indeed, the individual arrested was Antonio Kennedy).  Under these circumstances, the United States contends that the firearm seized on October 13, 2004 should not be suppressed.

ANALYSIS

The ultimate issue in this case is whether the mistake in detaining and arresting the defendant in this case was a reasonable one.  As noted, defendant relies on the case of United States v. Palacios, 666 F. Supp. 113.  In that case, the district court determined that the police officer's mistake in arresting the wrong individual on a warrant was not a reasonable one.  In that case, as in this case, a pistol was seized in the course of the arrest.  The district court in the Southern District of Texas determined in Palacios that the arrest was not "within the good faith exception" to the exclusionary rule and, therefore, granted defendant's motion to suppress.  In that case, the officers arrested the father of the individual identified in the warrant.  There was a substantial age difference between the father and the son and the father was a much slimmer, as well as older man who, according to the district court, bore virtually no resemblance to the subject in the photograph. United States v. Palacios, 666 F. Supp. 113, 114 (S.D. Texas 1987).

In the instant case the defendant is similar in age, sex, race, and height to his brother, the individual actually being sought by the warrant. Moreover, his brother having provided the defendant's identification information to the authorities in South Carolina, the name on the arrest warrant (identified as Exhibit 1 at the hearing) is actually that of the defendant in this case. Moreover, an examination of Exhibit 2 in the case (a photograph of both the defendant and his brother and another individual) shows a marked resemblance between the two brothers. The actions of the officers in this case, therefore, were imminently reasonable. Moreover, even if there is some question regarding the probable cause of the officers to arrest the defendant, the officers certainly had reasonable suspicion to conduct an investigative stop in an attempt to determine the identity of the defendant in this case. In the instant case, the firearm was detected almost immediately upon beginning of the detention of the defendant. Thus, under both the government's theory that there was the requisite probable cause to effectuate an arrest, and the government's theory that there was reasonable suspicion necessary to conduct a brief detention, the government is entitled to prevail.

Defendant's motion to suppress is, therefore, DENIED.

ENTERED this 21st day of April, 2006.

                                                   s/ Jon Phipps McCalla
                                                 United States District Judge